# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MPW Industrial Services, Inc.<br>9711 Lancaster Road SE<br>Hebron, Ohio 43025<br>          Plaintiff,<br><br>v.<br><br>ESM Group Inc.<br>c/o Statutory Agent<br>CT Corporation System<br>4400 Easton Commons Way<br>Suite 125<br>Columbus, Ohio 43219<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 2:17-cv-00594-MHW-KAJ<br><br>Judge: Michael Watson<br>Magistrate Judge: Kimberly A. Jolson |

## STIPULATED PROTECTIVE ORDER

The parties have moved the Court to enter into the following protective order ("Stipulated Order") for the protection of Confidential Information pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. The parties hereby stipulate and agree that:

1. This Stipulated Protective Order governs all documents and/or electronic data marked "Confidential" that are produced by any of the parties during the proceedings in this action.

2. The parties may designate, as "Confidential", any documents either party deems deserving of the protections of this order, including, but not limited to, all documents relating to or containing personal, financial and/or proprietary information including but not limited to lists of names, files and non-public personnel information concerning Defendant's current and former employees, medical, family medical and personal financial and tax information of any person, financial records of Defendant, proprietary information related to contracts, vendor agreements,

licenses and/or labor tracking systems and any materials provided to Defendant by non-parties to this action which have been designated by those non-parties as confidential and/or proprietary.

       3.      All documents designated as "Confidential" and all information derived therefrom shall be referred to in this Stipulated Protective Order as "Confidential Discovery Material" and shall be handled in strict accordance with the terms of this Confidentiality Agreement and Protective Order.

       3.      Documents and other written discovery responses shall be designated Confidential Discovery Material by marking or stamping them "Confidential."

       a.      With respect to electronically produced data which contains "Confidential Discovery Material", the designation must be made in the name of the electronic file containing the data and on the face of the electronic image displaying the data.

       b.      With respect to oral deposition testimony relating to "Confidential Discovery Material", either party may designate portions of the testimony as "Confidential" by making a statement to that effect on the record during the deposition or by notifying all parties in writing within thirty (30) days of receipt of the transcript.

       4.      Confidential Discovery Material shall be used only for the prosecution and/or defense of this action or any appeal therefrom, and not for any business or other purpose whatsoever.

       5.      Confidential Discovery Material may be disclosed only to:

       a.      The attorneys of record in this action and their legal support staff; Experts and/or consultants retained by the attorneys of record and their support staff;

       b.      The court and its support staff;

c.  Witnesses in preparation for or at deposition or trial, however no witness shall be permitted to retain "Confidential" documents or copies thereof;

d.  Other persons only upon written agreement of all parties in this action.

6. Any person given access to Confidential Discovery Material pursuant to Paragraph 5 of this Stipulated Protective Order shall be advised by counsel that the documents are being disclosed pursuant and subject to the terms of this Stipulated Protective Order and may not be disclosed other than pursuant to the terms thereof.

7. Any party who wishes to file a motion or other document disclosing or attaching Confidential Discovery Material shall file a motion seeking leave to file the Confidential Discovery Material under seal and shall tender the Confidential Discovery Material to the Court in camera together with the motion for leave and a proposed order permitting the materials to be filed under seal.

8. Inadvertent production of any information, document or thing without it being marked "Confidential" shall not itself be deemed a waiver of any claim or confidentiality as to such matter, and the same may therefore be designated as "Confidential."

9. After the termination of this proceeding, this Stipulated Protective Order shall continue to be binding upon the parties hereto, their counsel and upon all persons to whom Confidential Discovery Material has been disclosed or communicated, and this Court shall retain jurisdiction for enforcement of its provisions. Upon termination of this litigation whether by final judgment, appeal or settlement, each party or other person subject to the terms hereof shall, at the written request of the producing party, assemble and return to the originating source all materials and documents designated "Confidential." Notwithstanding the foregoing, the attorneys of record may retain all correspondence, depositions, pleadings, briefs, memoranda, motions and other

documents containing attorney-client privileged materials and/or attorney work product that refers to or incorporates "Confidential" information or documents.

10.   If either party disputes the other party's designation of a document as "Confidential", the objecting party must meet and confer with the producing party prior to seeking the Court's involvement. If the parties cannot reach agreement, the objecting party may petition the Court for removal of the "Confidential" designation no later than fourteen (14) days after conferring telephonically or in person. The burden of proof regarding the confidentiality of the document resides with the party asserting confidentiality. Until the Court rules on such motion, documents designated "Confidential" remain protected under the terms of this Order.

IT IS SO ORDERED.

Date:  October 5, 2017                     /s/ Kimberly A. Jolson
                                           KIMBERLY A. JOLSON
                                           UNITED STATES MAGISTRATE JUDGE

Approved and agreed to by:

*/s/ Meghan E. Hill*
Meghan E. Hill (0078183)
Kimberly Gramke Bedzyk (0046522)
SQUIRE PATTON BOGGS (US) LLP
2000 Huntington Center
41 South High Street
Columbus, Ohio 43215
Tel.: +1.614.365. 2700
Fax: +1.614.365.2499
meghan.hill@squirepb.com
kimberly.bedzyk@squirepb.com
*Attorneys for Plaintiff MPW Industrial Services, Inc.*


/s/ *Michael Chapman-/per email authority of*
Peter Ney (0039284)
Michael J. Chapman (0076057)
Rendigs, Fry, Kiely & Dennis, LLP
600 Vine Street, Suite 2650
Cincinnati, Ohio 45202
Tel.: +1.513.381.9200
Fax: +1.513.381.9206
pney@rendigs.com
mchapman@rendigs.com
*Attorneys for Defendant, ESM Group Inc.*

# Exhibit A

Confidentiality Declaration

I hereby declare that I am to receive documents or information designated as "CONFIDENTIAL" pursuant to the terms of the Stipulated Protective Order entered in the case styled *MPW Industrial Services, Inc. v. ESM Group Inc.*, Case No. 2:17-cv-00594 (S.D. Ohio). I further declare that I have read a copy of the Stipulated Protective Order and agree to be bound by all of its terms. If I am signing on behalf of a Party or entity that is not an individual, I declare that I have authority to bind such Party or entity to the terms of the Stipulated Protective Order and that such Party's or entity's employees also shall be bound by all of its terms. I specifically acknowledge the obligation to protect, and to return or destroy all "Confidential" documents or information in accordance with the Order, and I hereby submit to the jurisdiction of the United States District Court for the Southern District of Ohio for the purpose of any proceeding to enforce the terms of this Order.

I declare under penalty of perjury that the foregoing is true and correct.

_____      _____
Date Signed                                            Declarant's Signature

                                                                _____
                                                                Printed Name